UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA MARGARITA HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:20-cv-0897 JLT EPG<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**<br><br>**(Doc. 38)** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability benefits. The assigned magistrate judge issued Findings and Recommendations that the decision of the Commissioner of the Social Security Administration be reversed and that this matter be remanded for the immediate award of benefits.  (Doc. 38.)  The Court served the Findings and Recommendations on the parties, notifying them that any objections were due within fourteen days. (*Id.* at 11.)   The Commissioner of Social Security filed objections.  (Doc. 39.)

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, including the Commissioner of Social Security's objections, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis.  Thus, the Court **ORDERS**:

1

1. The Findings and Recommendations dated June 6, 2022 (Doc. 38), are **ADOPTED IN FULL**.
2. The Commissioner of Social Security's decision is reversed to the extent that it ceased benefits on December 5, 2018. The Commissioner of Social Security is directed to award benefits beginning from December 5, 2018.[1]
3. The Clerk of Court is directed to enter judgment in favor of Plaintiff and to close this case.

IT IS SO ORDERED.

Dated: **July 6, 2022**

UNITED STATES DISTRICT JUDGE

---

[1] In its objections, the Commissioner of Social Security claims that an order of award of benefits lacks specificity and asks for a determination of a termination date. The Court notes that an immediate award of benefits, without further specificity, is ordinarily ordered without a further specification of an end date. *See Garrison v. Colvin*, 759 F.3d 995, 1023 (9th Cir. 2014) ("We reverse the judgment of the district court with instructions to remand to the ALJ for the calculation and award of benefits."); *Benecke v. Barnhart*, 379 F.3d 587, 596 (9th Cir. 2004) ("Accordingly, we REVERSE the decision of the district court and REMAND with instructions to remand to the Commissioner of Social Security for an award of benefits.") (bolded portions of text omitted). Additionally, as the Commissioner of Social Security has argued, there is a process for reevaluating benefits based on medical improvement, and nothing in this order precludes such a process. However, to the extent that the Commissioner of Social Security is again arguing that its decision to terminate benefits based on medical improvement at a past date is supported by this record, the Court disagrees.

2